UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO: 19CR207 HEA |
| TRAVIS BROEKER, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Judgment of
Acquittal or, in the Alternative, Motion for New Trial, [Doc. No. 150]. The
Government opposes the Motion and has filed a response thereto. For the reasons
set forth below, the Motion is denied.

## Facts and Background

Defendant was charged in an indictment with knowingly and intentionally
distributing fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C.
§ 84l(a) and 18 U.S.C. §2, and that the death of T.Z., a person whose identity was
known to the Grand Jury, resulted from the use of such fentanyl distributed by
defendants, making the offense punishable under 21 U.S.C. § 841(b)(l)(C) and
with knowingly and intentionally conspiracy to distribute fentanyl, a
Schedule II controlled substance, in violation of 21 U.S.C. §§ 84l(a)(l)
and 846, and punishable under 21U.S.C. § 841(b)(l)(C).

On September 14, 2020, defendant proceeded to trial. The United States

presented evidence in its case-in-chief. That evidence is summarized in the government's response to defendant's motion.

After considerable deliberation the jury returned verdicts finding Defendant guilty of both counts, specifically finding that the fentanyl sold by defendant caused the death of T.Z.

## Discussion

**Motion for Judgment of Acquittal**

Defendant initially argues that the Government failed to make a submissible case on each count under Rule 29 (c). The Rule provides a mechanism by which acquittal must be entered if there is insufficient evidence to sustain a conviction. Rule 29 of the Rules of Criminal Procedure permits the Court to enter a judgment of acquittal if the evidence is insufficient to sustain a conviction. Fed. R. Crim. P. 29(a), (c). The standard for determining whether evidence is insufficient is very strict, requiring acquittal only where there is "no interpretation of the evidence" that would allow a reasonable jury or finder of fact to find the defendant "guilty beyond a reasonable doubt." *United States v. Gomez*, 165 F.3d. 650, 654 (8th Cir. 1999). In making this determination, the Court looks at the evidence "in the light most favorable to the government, drawing all reasonable inferences and resolving all evidentiary conflicts in favor of the ... verdict." *United States v. Aponte*, 619 F.3d 799, 804 (8th Cir. 2010). "Reversal is warranted only if no reasonable jury

could have found guilt beyond a reasonable doubt." *United States v. Herbst*, 666 F.3d 504, 510 (8th Cir. 2012).

"When a district court considers a motion for acquittal, it does so with 'very limited latitude.' The court should not assess the credibility of the witnesses or weigh the evidence." *United States v. Thompson*, 285 F.3d 731, 733 (8th Cir.2002). It is the duty of the Court to view the "evidence in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." *United States v. Garcia*, 646 F.3d 1061, 1066 (8th Cir. 2011) (citation and internal quotations omitted); See also, *United States v. Vore*, 743 F.3d 1175, 1180 (8th Cir. 2014). "This standard is quite strict' and the court will not disturb the conviction unless 'no reasonable jury could have found the defendant guilty beyond a reasonable doubt.'" *Id*. (quoting *United States v. Wright*, 739 F.3d 1160, 1167 (8th Cir. 2014)).

Based on all of the evidence presented at trial, the Court concludes that the evidence satisfies the new trial standard. The evidence was more than sufficient to establish an evidential and legal basis for each count. The record of the trial fully supports this conclusion without reservation or qualification. There was considerable evidence that T.Z. died from a fentanyl overdose, that his phone revealed he had conversations with defendant via text messaging regarding the purchase of fentanyl from defendant. There was testimony from T.Z.'s housemate

J.F. that T.Z. had overdosed earlier in the evening and that he, J.F., hid three "beans" from T.Z. and took his phone from him.  J.F. testified that he left T.Z. at approximately 2:30 a.m. after the two had spent time together and that T.Z. was found at approximately 6:00 a.m. on the floor in his room. T.Z. was cold and blue. He was pronounced dead shortly thereafter by paramedics.

Defendant did not testify, nor did he present any evidence.

Defendant argues that none of the government's witnesses could testify as to whether the drugs causing T.Z.'s death were the same substances sold to T.Z. by defendant.  He also argues that the government did not present any physical or documentary evidence establishing such a nexus. He argues that because no evidence was presented to prove that the fentanyl distributed by defendant was the same fentanyl that caused T.Z.'s death, no reasonable jury could find him guilty of the death element to Count I beyond a reasonable doubt. Defendant presents no authority for this position.  Indeed, the government's expert witnesses testified to the fact that T.Z. died as a result of fentanyl intoxication; their testimony was not for the purpose of proving the fentanyl that caused T.Z.'s death was that supplied by defendant.  Moreover, there was substantial evidence that defendant provided T.Z. with fentanyl, that T.Z. suffered an overdose prior to the fatal overdose that same night and that T.Z.'s telephone was not accessible to him to contact another dealer. These facts, and the reasonable inferences

- 4 -

therefrom, in the light most favorable to the verdict, establish that a reasonable jury could conclude the fentanyl supplied by defendant was the cause of T.Z.'s death.

Credibility is not an issue for the Court in these proceedings. Credibility determinations are uniquely within the province of the trier of fact, so the jury was entitled to afford weight to the evidence presented by the prosecution. See, *United States v. Geddes*, 844 F.3d 983, 992 (8th Cir. 2017). The Rule 29 (c) motion necessarily must fail.

**Motion for New Trial**

Rule 33 of the Federal Rules of Criminal Procedure allows defendants to move the court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The district court may grant or deny a motion for new trial based on its "sound discretion." *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002) (internal quotation omitted). The court may "weigh the evidence, disbelieve witnesses, and grant a new trial even when there is substantial evidence to sustain the verdict[.]" *Id.* The court is not required to view the evidence in the light most favorable to the non-moving party, the government, and may independently consider the evidence presented. *See United States v. Brown*, 956 F.2d 782, 786 (8th Cir. 1992). But "[u]nless the district court ultimately determines that a miscarriage of justice will occur, the jury's verdict must be allowed to stand." *Campos*, 306 F.3d at 579. Rule 33 authority must be

exercised "sparingly and with caution." *Id.* (internal quotation omitted). A new trial under Rule 33 is an "unusual remedy that is reserved for 'exceptional cases in which the evidence preponderates heavily against the verdict.' " *United States v. Starr*, 533 F.3d 985, 999 (8th Cir. 2008) (quoting 3 Charles Alan Wright, Nancy J. King, & Susan R. Klein, *Federal Practice and Procedure* § 553 (3d ed. 2004)).

Defendant argues he is entitled to a new trial because: 1) the cumulative weight of the evidence does not support a judgment of guilt, 2) the government's closing argument was improper and unfairly prejudiced the jury, and 3) the procedures utilized for COVID-19 safety precautions resulted in unfair trial practices that unfairly prejudiced the outcome of his case.

Defendant argues that none of the government's expert witnesses presented any evidence linking the drugs "allegedly" sold by defendant to the drugs causing T.Z.'s death.  As the government correctly argues, defendant presents no authority for the proposition that the experts must provide such a link.  Indeed, this would be an impossible task for anyone since only the deceased could specifically make that connection.  The experts, as discussed, *supra,* presented testimony to establish T.Z. died of fentanyl intoxication.

Defendant argues that he is entitled to a new trial because none of the government witnesses presented evidence linking the drugs in the rubber ball to the capsules defendant sold.  Defendant provides no analysis for this claim nor does he

submit any authority that such a link is required.  As the government correctly argues, the jury could draw the inference that the fentanyl in the rubber ball had come from defendant based on the evidence of the transaction and lack of any evidence that T.Z. had obtained fentanyl from another source.

Defendant's argument that T.Z. had access to other sources of drugs and alternative communications methods for obtaining drugs without using his cellphone were argued and apparently discredited by the jury.

Likewise, defendant's argument that J.F. confiscated the drugs sold by defendant was presented and discredited by the jury; J.F. testified he confiscated three of the six "beans" of fentanyl. The jury could infer that J.F. had not confiscated all the drugs that T.Z. still possessed after the initial overdose.

Defendant contends the government's closing argument was improper. Defendant did not object at the time the closing argument was made. The Court's analysis of this argument is reviewable for plain error.

> Defense counsel did not contemporaneously object to any of the prosecutor's statements at trial, but did file a motion for a new trial based on the prosecutor's statements about calling the DEA or U.S. Attorney's office, as well as the prosecutor's remarks about the case agents' backgrounds. Because there was no contemporaneous objection to these statements at trial, they were reviewable by the district court for plain error. *United States v. Amaya*, 731 F.3d 761, 764–65 (8th Cir. 2013). We review the district court's determination for an abuse of discretion. Id. at 765.

*United States v. Overton*, 971 F.3d 756, 767 (8th Cir. 2020).

Defendant takes issue with the prosecutor's theory that T.Z. retrieved a portion of the three "beans" not confiscated by J.F. from the rubber ball. This argument is clearly supported by the evidence and the inferences that can be drawn therefrom.  Just as defendant argued his theory of where the fatal drugs were obtained, the prosecutor was entitled to argue an alternative theory. The argument was not improper.

Finally, defendant argues that he was prejudiced by the Court's COVID-19 safety protocols.  Initially, it should be noted that defendant did not seek to continue his trial until the protocols are not necessary.  Furthermore, defendant did not object before or during the trial.  Defendant was given the opportunity to examine the courtroom prior to trial but voiced no objections at that time. Likewise, he did not object at any time during the trial based on what he now claims was prejudicial.  Even so, the issues he claims are related to the COVID-19 protocols are issues that arise in any trials. Moving from the podium is an issue raised in any case in this Court, with due consideration for the court reporters, the jury and the Court with regard to hearing counsel.  Approaching witnesses is a request that is decided as the need arises; indeed, the prosecution requested and was granted leave to approach certain witnesses during the trial. Request for sidebar conferences are decided as they arise.  Nothing defendant presents justifies his reliance on the denial of a single sidebar conference as a basis for a new trial.

Counsel was given the opportunity to raise issues outside the presence of the jury each day of the trial.  Defendant's argument that the protocols precluded this is without merit.

## Conclusion

None of Defendant's arguments give rise to a basis upon which to grant his motion for judgment of acquittal or new trial.  The jury concluded that the government proved beyond a reasonable doubt all of the necessary elements for conviction.  Defendant was not deprived of any constitutional rights throughout the trial.  He is not, therefore entitled to a new trial nor to a judgment of acquittal.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Judgment of Acquittal or in the Alternative New Trial, [Doc. No. 150], is **DENIED**.

Dated this 7th day of  January, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE